No. 9221.

THE STATE EX REL. N. W. HAUS VS. JUDGE DIVISION C, CIVIL DISTRICT COURT FOR PARISH OF ORLEANS.

A Prohibition does not lie to prevent a court which has jurisdiction *ratione personæ* and *ratione materiæ* from entertaining a suit to remove a tutor, where it appears that, after exceptions to the jurisdiction on the ground that the case was not allotted as the Constitution requires have been overruled, the defendant has filed an answer praying for *trial* by jury.

Although by thus joining issue he has not waived his right to have the judgment overruling his plea reviewed on appeal, still he has, by asking *to be tried*, abandoned his right to in voke the powers of this Court, in the form of a *Prohibition*, He should have done so after his plea was overruled and before answering. The application comes too late,

APPLICATION for Mandamus, Prohibition and Certiorari.

*A. J. Ker* and *J. Michinard* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for writs of *mandamus*, pro hibition and *certiorari*.

The relator complains that the district judge has usurped jurisdiction over him as tutor by nature of his minor children, in proceedings which were not allotted to him under the constitutional requirements.

His main averments seem to be : that he was confirmed as such tutor in the succession of his deceased wife ; that his minor children, having inherited by representation of their mother in the successions of their maternal grandfather and grandmother, a partition of the property composing the same was ordered ; that the same took place by sale ; that the minors' share of inheritance, in cash and notes, was ordered by a family meeting to be invested in property, in their name, by the tutor and under-tutor jointly ; that on grave charges against him for derelic- tion of duty, the under-tutor took a rule against him to punish him for contempt, for not carrying out the instructions of the family meeting, and also another rule to compel a deposit of the money and notes in bank ; that subsequently the court suspended him, ordered him to turn over the notes to the under-tutor, and directed the bank to retain the funds on deposit with it ; that subsequently the court ordered the notes to be deposited with the judicial depository in the name of the minors ; that the court afterwards directed the under-tutor to institute proceed- ings for the tutor's removal ; that exceptions were filed to the jurisdic- tion of the court in said case, on the ground that it had not been allot- ted as the Constitution provides ; that said exceptions were overruled and that the case was put at issue by an answer, accompanied with a prayer for a jury.

The district judge returns that he is justified in his conduct for sev- eral reasons. He states that the relator never objected to the jurisdic- tion of his division and to the form of the proceedings against him; that the facts disclosed, in the course of the proceedings anterior to the

suit to remove establish, not only that the tutor does not take charge of the persons of his minor children, but squanders their estate.

The course pursued by the district judge was dictated by a proper sense and appreciation of his sworn duties as the tutor of tutors. This is not the first instance in which the exercise of extraordinary powers was sanctioned by this Court on the part of a judge similarly situated. 32 Ann. 324 ; Succession of Walker.

But with all those anterior proceedings, this Court has presently little or no concern. If the order of November 28, 1883, suspending the relator, be erroneous, it can be reviewed on appeal.

The sole complaint is : that the court has assumed jurisdiction in the suit to remove, which has not been allotted as the Constitution requires, and that the exception to its jurisdiction on that ground was overruled.

It is unnecessary to consider and determine how far the acquiescence and submission of the relator to anterior proceedings may or not have authorized the district judge to assume jurisdiction over the suit to remove, as his action can be sustained on different grounds.

Assuming that those proceedings have never taken place, and that the suit to remove relator is the first step taken against the relator, it is clear that, if the case had not been allotted, he had a right to except, and if his exception had been filed and overruled, he could have invoked the powers of this Court to prohibit the district judge from proceeding further in the matter; but relator's own averments show that, instead of seasonably appealing for relief to this Court upon the overruling of his exception, he has joined issue by answer and prayer for a trial by jury.

The court is competent *ratione personæ* and *materiæ* to hear and determine a suit of that description, when allotted or when the allotment has been waived. 33 Ann. 1425.

However much his exceptions, if well founded, may secure a reversal of the judgment on them on appeal, it is clear that, by not addressing himself to this Court after they had been overruled, and by answering and asking *a trial* by jury, the relator has waived his right to the interposition of the powers of this Court by writ of prohibition, although he cannot be said to have thereby abandoned the plea itself. 29 Ann. 806, 360.

Application refused.